UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM KLEIN,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HEALTH and HOSPITALS CORPORATION,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MIRIAM KLEIN ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, FISHER TAUBENFELD LLP, alleges against NEW YORK CITY HEALTH and HOSPITALS CORPORATION ("the hospital or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL").

2. Plaintiff seeks damages to redress the losses she suffered as a result of Defendant's disability discrimination, failure to accommodate, failure to engage in the cooperative dialogue, and retaliation.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) based on Plaintiff's ADA claims.

4. Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related to this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District, and a substantial part of the events giving rise to the claims alleged herein occurred at Jacobi Medical Center | North Central Bronx, located at 1400 Pelham Parkway South, Bronx, New York 10461, within the Southern District of New York.

**THE PARTIES**

***Plaintiff***

6. Plaintiff is an adult individual who resides in the State of New York.

7. Plaintiff was employed by Defendant as a Patient Safety Specialist Level II from March 3, 2025 until her termination on June 27, 2025.

8. Plaintiff is disabled within the meaning of the ADA, NYSHRL, and NYCHRL in that she suffers from severe bilateral sensorineural hearing loss, wears two hearing aids at all times, and relies on lipreading to communicate.

9. At all relevant times, Plaintiff was qualified for her position and, with or without reasonable accommodation, could perform its essential functions.

***Defendant***

10. Defendant New York City Health and Hospitals Corporation is a public benefit corporation organized under the laws of the State of New York, which owns and

operates Jacobi Medical Center | North Central Bronx, located at 1400 Pelham Parkway South, Bronx, New York 10461.

11. At all relevant times, Defendant employed fifteen (15) or more employees for each working day in twenty (20) or more calendar weeks in the current or preceding calendar year and is thus an "employer" within the meaning of the ADA.

12. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the NYSHRL and NYCHRL.

## FACTUAL ALLEGATIONS

13. The Hospital hired Plaintiff as a Patient Safety Specialist Level II on March 3, 2025, and assigned her to work under Dr. Baer, the Hospital's Patient Safety Officer, in the Quality Management department, located on the 5th floor of the Hospital.

14. At all times during her employment, Plaintiff was qualified for her position and performed her duties with diligence and care.

15. Plaintiff disclosed to Dr. Baer that she wears two hearing aids at all times and relies on lipreading due to her severe bilateral sensorineural hearing loss.

16. On May 8, 2025, during Plaintiff's first performance evaluation — after only two months on the job, while she was still in training — Dr. Baer criticized Plaintiff for alleged issues with PowerPoint presentations Plaintiff had compiled.

17. Plaintiff assured Dr. Baer that she would work hard to improve.

18. During that same conversation, Dr. Baer, acting within the scope of her supervisory authority over Plaintiff, actively discouraged Plaintiff from requesting disability accommodations, cautioning that Human Resources would "scrutinize" Plaintiff more closely if she requested accommodations.

19. Dr. Baer suggested that Plaintiff resign to avoid having an "unsatisfactory" performance evaluation placed in her record.

20. Dr. Baer instructed Plaintiff not to repeat their conversation to anyone, in an effort to silence Plaintiff's concerns and prevent her from seeking appropriate accommodations.

21. On May 22, 2025, Dr. Baer delivered a second performance evaluation that was harsher and more critical than the first, notwithstanding Dr. Baer's own acknowledgement that Plaintiff had improved.

22. Later that day, a traumatized Plaintiff had a hallway conversation with colleagues in which she expressed her dismay at Dr. Baer's harsh and unwarranted criticism.

23. The next day, on or about May 23, 2025, Dr. Baer — having apparently learned of Plaintiff's hallway conversation — accused Plaintiff of causing "drama."

***Plaintiff's Request for a Reasonable Accommodation***

25. On May 22, 2025, Plaintiff contacted the Hospital's Language Access office requesting disability accommodations in the form of closed captioning software and/or hardware devices to assist her hearing during meetings and training sessions.

26. Despite the urgency of Plaintiff's needs, the Hospital did not timely follow up.

27. On June 17, 2025 — nearly a month later — Plaintiff was finally contacted by the Hospital's Equal Employment Opportunity ("EEO") department and directed to submit medical documentation.

28. Plaintiff promptly complied, submitting her EEO Reasonable Accommodation Request Form and supporting medical documentation on June 20, 2025.

29. On or about June 25 or 26, 2025, an EEO manager contacted Plaintiff to inform her that her accommodation request had been approved — confirming that the requested

accommodations were reasonable, feasible, and not an undue hardship on the Hospital. EEO asked Plaintiff to research additional assistive devices for use during meetings.

***Plaintiff's Termination***

30. Plaintiff never had the opportunity to receive or implement her approved accommodation because, on June 27, 2025 — within days of the accommodation's approval, and without any warning — Defendant terminated her employment.

31. Grace Cordwell, the Hospital's Human Resources Deputy Director of Operations, told Plaintiff that she was not entitled to a reasonable accommodation because of her probationary status.

32. Cordwell dismissed Plaintiff both verbally and via letter, citing vague, unspecified "performance issues."

33. The close temporal proximity between the approval of Plaintiff's accommodation request and her termination just one to two days later, combined with Dr. Baer's earlier conduct discouraging Plaintiff from seeking accommodations and threatening her with heightened scrutiny, demonstrates that Plaintiff's termination was motivated by disability discrimination and retaliation rather than any legitimate, non-discriminatory performance concern.

34. Defendant's stated reason for termination — vague "performance issues" — is pretextual. Plaintiff had received positive acknowledgment of her improvement from Dr. Baer herself just weeks before her termination.

35. Plaintiff could have performed the essential functions of her position as a Patient Safety Specialist with the accommodation the Hospital itself had already approved.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits, and severe emotional distress, humiliation, and mental anguish.

**FIRST CAUSE OF ACTION**
**Failure to Provide Reasonable Accommodation**
**In Violation of the ADA**

37. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38. Plaintiff is a person with a disability within the meaning of the ADA.

39. Defendant violated the ADA by failing to timely provide Plaintiff with a reasonable accommodation for her disability and by terminating her employment before any accommodation could be implemented.

40. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**SECOND CAUSE OF ACTION**
**Failure to Provide a Reasonable Accommodation**
**In Violation of NYSHRL**

41. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42. Plaintiff is a person with a disability within the meaning of the NYSHRL.

43. Defendant violated the NYSHRL by failing to provide Plaintiff with a reasonable accommodation for her disability.

44. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm

to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**<u>THIRD CAUSE OF ACTION</u>**
**Failure to Provide a Reasonable Accommodation**
**In Violation on of NYCHRL**

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. Plaintiff is a person with a disability within the meaning of the NYCHRL.

47. Defendant violated the NYCHRL by failing to provide Plaintiff with a reasonable accommodation for her disability.

48. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**<u>FOURTH CAUSE OF ACTION</u>**
**Disability Discrimination**
**In Violation of ADA**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. Plaintiff is a person with a disability within the meaning of the ADA.

52. Based on the foregoing, Defendant willfully violated the ADA by discriminating against Plaintiff based on her disability.

53. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**<u>FIFTH CLAIM FOR RELIEF</u>**
**Disability Discrimination**

**In Violation of NYSHRL**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Plaintiff is a person with a disability within the meaning of the NYSHRL.

56. Based on the foregoing, Defendant willfully violated the NYSHRL by discriminating against Plaintiff based on her disability.

57. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**SIXTH CLAIM FOR RELIEF**
**Disability Discrimination**
**In Violation of NYCHRL**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Plaintiff is a person with a disability within the meaning of NYCHRL.

60. Based on the foregoing, Defendant willfully violated NYCHRL by discriminating against Plaintiff based on her disability.

61. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**SEVENTH CLAIM FOR RELIEF**
**Retaliation**
**In Violation of ADA**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disability and opposing Dr. Baer's efforts to discourage her from doing so.

64. Based on the foregoing, Defendant willfully violated the ADA by retaliating against Plaintiff.

65. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**EIGTH CLAIM FOR RELIEF**
**Retaliation**
**In Violation of NYSHRL**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disability and by opposing Dr. Baer's efforts to discourage her from doing so.

68. Based on the foregoing, Defendant willfully violated the NYSHRL by retaliating against Plaintiff because of her protected activity.

69. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## NINTH CLAIM FOR RELIEF
**Retaliation**
**In Violation of NYCHRL**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disability and by opposing Dr. Baer's efforts to discourage her from doing so.

72. Based on the foregoing, Defendant willfully violated the NYCHRL by retaliating against Plaintiff because of her protected activity.

73. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant awarding:

A. Back pay and lost benefits;

B. Front pay;

C. Compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to reputation;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Plaintiff's reasonable attorneys' fees and costs pursuant to ADA, the NYSHRL, and the NYCHRL; and

G. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
August 17, 2026

Respectfully submitted,

/s

By: ______________________________

Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Attorneys for Plaintiff